**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEF TRADING, LLC,

Plaintiffs,

v. Case No. 8:25-CV-2996-SDM-CPT

FLORIDA BANCSHARES, INC., ET AL.,

Defendants.
_____________________________________/

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 12/29/2025. Counsel for Plaintiff, Andrew Gold, and counsel for Defendants, Daniel Nicholas, attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| **Action or Event** | **Date** |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/4/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/27/2026 |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 8/28/2026 |
| | Defendant | 9/11/2026 |
| | Rebuttal | 10/2/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 11/2/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 2/1/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | | 5/1/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 6/14/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 6/21/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 6/28/2027 |
| Month and year of the trial term. | | 7/5/2027 |

The trial will last approximately three days and be

☐ jury.

☒ non-jury.

## 3. Description of the Action

DEF Trading LLC ("DEF") is a shareholder of Nominal Defendant Florida Bancshares, Inc. ("Bancshares"), which owns and controls Nominal Defendant First National Bank of Pasco (the "Bank"). DEF alleges that the members of Bancshares'



84915766;3

Board of Directors – Anders Platt, John Henson, Paul Midili, Ernest Peppels, Marlene Mann, Steven Carle, and Paula S. O'Niel (collectively, the "Director Defendants") – mismanaged the Bank and Bancshares by engaging in marijuana-related banking business without sufficient knowledge or training regarding the substantial federal regulation of such business. This mismanagement resulted in a costly investigation by the United States Treasury's Office of Comptroller of the Currency and ultimately a consent operating agreement (the "OCC Operating Agreement"). DEF further alleges that the Director Defendants refused to comply with the OCC Operating Agreement and have instead attempted to entrench themselves by purportedly amending Bancshares' bylaws to restrict shareholders' ability to remove or replace a director. DEF sues – derivatively and directly – the Director Defendants for breach of fiduciary duty, for a declaration that Defendants' purported amendment of Bancshares' bylaws was ineffective, and for injunctive to abate continued breaches of fiduciary duty.

The Defendants deny the allegations of the complaint, which they allege is not in the best interest of the bank Defendant, filed motion to dismiss and/or filing other motion to dismiss. If denied, Defendants will file answer and affirmative defenses.

**4. Disclosure Statement**

☒ Each party has filed or is filing a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.



84915766;3

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

- The Bank's operation, especially with respect to Marijuana-related banking business;
- The Director Defendants' management of Bancshares and the Bank;
- The OCC's investigation of the Bank and the OCC Operating Agreement;
- The Director Defendants' response to the OCC Operating Agreement, including without limitation, their response to DEF's proposal regarding additional board and compliance committee members;
- The Director Defendants' attempt to amend Bancshares' bylaws;
- All allegations of pleadings filed herein or may be filed herein
- Directors requested by Plaintiff, including background and qualifications.
- Lawsuit not being in best interest of Defendants.



84915766;3

C. Discovery should be conducted in phases:

☐ No.

☒ Yes; Plaintiff is seeking limited expedited discovery related to its Motion for Preliminary Injunction. The normal discovery can be conducted in accordance with the proposed schedule.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.

☐ Yes; describe the issue(s).

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The Parties will exchange initial disclosures in accordance with Rule 26(b)(5)(A). The Parties also agree to discuss a stipulated protective order and discovery protocol to resolve any claims of privilege or confidentiality. Any such agreed order will include a consideration of Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Andrew Gold*
Andrew Gold
Akerman LLP
201 East Las Olas Blvd, Suite 1800
Fort Lauderdale, FL 33301
Counsel for Plaintiff
January 28, 2026

*/s/ Daniel Nichoals*
Daniel Nicholas
Cole, Scott & Kissane
500 N. Westshore Blvd., Suite 700
Tampa, FL 33609
Counsel for Defendants
January 28, 2026