# EXHIBIT NO. 3

# akerman

John L Dicks II

Akerman LLP
401 E Jackson Street
Suite 1700
Tampa, FL 33602-5250

D 813 209 5065
T 813 223 7333
F 813 223 2837
john dicks@akerman com

November 14, 2025

## REQUEST FOR NON-PUBLIC INFORMATION

**BY CERTIFIED MAIL**
Office of the Comptroller of the Currency
Attn: Director, Litigation Division
400 7th Street SW
Washington, D.C.  20219

> RE:    *DEF Trading, LLC v. Fla. Bancshares, Inc., First Nat'l Bank of Pasco, et al.,*
> **Case No. 8:25-cv-02996-SDM-CPT.**

Dear Director:

Under 12 C.F.R. §§ 4.31-4.40, DEF Trading, LLC ("DEF Trading") requests that the Office of the Comptroller of the Currency ("OCC") produce public and non-public OCC information (the "Information") described in the below numbered requests (the "Requests") pertaining to the First National Bank of Pasco (the "Bank"). The Requests are sought in relation to the above-captioned action (the "Lawsuit") pending in the United States District Court for the Middle District of Florida. A true and correct copy of the Verified Complaint [ECF No. 1] filed in the Lawsuit by DEF Trading is attached hereto **Exhibit A**. There are no pending motions or other developments in the Lawsuit that would bear on the relevance of the Requests. No counsel has yet appeared for Defendants. However, we have been communicating with presumptive counsel in this dispute. His information and ours is provided below:

| **Plaintiff's Counsel** | **Defendants' Presumptive Counsel** |
|---|---|
| John L. Dicks II, Esq. | Daniel A. Nicholas |
| 401 E. Jackson Street, Suite 1700 | 500 N. Westshore Blvd., Suite 1700 |
| Tampa, FL 33602 | Tampa, FL 33609 |
| (813) 209-5065 | (813) 509-2691 |

Andrew Gold, Esq.
201 E. Las Olas Blvd., Suite 1800
Ft. Lauderdale, FL 33301
(954) 463-2700

Office of the Comptroller of the Currency
November 14, 2025
Page 2

Under 12 C.F.R. § 4.33, production of the non-public information is appropriate if this Letter (A) "[s]hows that the information is relevant to the purpose for which it is sought"; (B) "[s]how[s] that other evidence reasonably suited to the requester's needs is not available from any other source"; (C) "[s]hows that the need for the information outweighs the public interest considerations in maintaining the confidentiality of the OCC information and outweighs the burden on the OCC to produce the information; (D) "[e]xplain[s] how the issues in the case and the status of the case warrant that the OCC allow disclosure"; and (E) "[i]dentif[ies] any other issue that may bear on the quest of waiver of privilege by the OCC." 12 C.F.R. § 4.33(a)(3)(iii). Each such element is satisfied.

The Requests are relevant to DEF Trading's purpose to prosecute the Lawsuit. DEF Trading initiated the Lawsuit against Bancshares and its directors, who are also directors of the Bank (the "Directors") and named the Bank as a nominal defendant. As demonstrated in the Verified Complaint, the Directors breached their fiduciary duty of care by (1) providing cannabis-related banking activities at the Bank without understanding the complex regulation of such activity, (2) actively soliciting cannabis-related banking activities at the Bank without sufficient personnel or protocols to comply with relevant regulation of such activities, (3) providing cannabis-related banking activities even after it became apparent that the Bank could not comply with relevant regulation, and (4) failing to retain qualified personnel to comply with the regulation of cannabis-related activities despite an agreement with the OCC to do precisely that. Ex. A ¶ 45. In other words, the Directors breached their duties to shareholders by getting in far over their heads and failing to comply with the regulatory requirements of a complex banking system – cannabis-related banking activities. Evidence of the Bank's compliance (or lack thereof) with OCC regulations and the Agreement are highly relevant to DEF Trading's claims.

Moreover, the records sought in the Requests are not available from any other source. The records DEF Trading seeks include documents "protected by a qualified bank examination privilege," which is "owned by the OCC." *Raffa v. Wachovia Corp*, 242 F. Supp. 2d 1223, 1224-25 (M.D. Fla. 2002). Accordingly, DEF Trading could not collect such documents from the Bank, even if the Bank possessed the documents and were otherwise inclined to produce them. *See id* (requiring plaintiff to submit a letter to the OCC before using examination reports collected from collateral sources).

Further, the circumstances and status of this case (1) demonstrate that the need for the information outweighs both the public interest in maintaining the confidentiality of the information and burden on the OCC to produce the information, (2) warrant the waiver of any privilege by the OCC and (3) justify disclosure of the records sought in the Requests. As set forth in the Verified Complaint, DEF Trading's claims rest in part on the Directors' apparent refusal to comply with the September 11, 2025 agreement between the OCC and the Bank ("Agreement"). Ex. A at 9-22. In other words, the OCC has likely already compiled the records sought in this letter pursuant to its investigation and ultimate Agreement. Moreover, much of the substance of the records sought by this letter have been disclosed through the Agreement, which noted "unsafe or unsound" practices at the Bank, Ex. A at 41 [ECF No. 1-2], or by related actions. *See, e g , Payment Sols.*

84225313,1

Office of the Comptroller of the Currency
November 14, 2025
Page 3

---

*Int'l, LLC v First Nat'l Bank of Pasco*, 8:25-cv-01458-SDM-CPT (M.D. Fla.); *NR Parentco, LLC v. Payment Sols. Int'l, LLC*, 8:25-cv-02508-JSM-LSG (M.D. Fla.). Finally, DEF Trading's action furthers the OCC's and the public's interest by seeking to ensure the Bank's compliance with the OCC's regulation and the Agreement.

In sum, the public interest supports the disclosure of the records sought in this Letter. Accordingly, DEF Trading requests that the OCC transmit all records in its possession responsive to the following Requests.

## REQUESTS

All Requests seek documents created or received from **December 1, 2023 to Present**:

1. All Suspicious Activity Reports ("SARs") submitted by the Bank.

2. All "Marijuana Limited SARs" submitted by the Bank.

3. All "Marijuana Priority SARs" submitted by the Bank.

4. All "Marijuana Termination SARs" submitted by the Bank.

5. All communications between the OCC and the Bank concerning the Bank's compliance with any federal laws, regulations, or the Agreement.

6. All records demonstrating whether or not the Bank complied with the November 10 deadline in the Agreement.

7. Any communications or other records regarding any request for extension of time to comply with the Agreement.

8. All examination reports reflecting examinations of the Bank.

9. All financial and operational reports submitted by the Bank, including but not limited to financial statements.

10. All documents or communications between the OCC and the Bank referencing or relating to Florida Bancshares, Inc.; U.S. Alliance Group, Inc.; Payment Solutions International, LLC; Aiden Florida Bancshares, Inc.; Aiden Fintech Group, Inc.; NR Parentco LLC, d/b/a Native Roots; or RJJ Trinidad.

11. All records or testimony in the OCC's possession created in the course of any proceedings involving the Bank and another United States Administrative Agency, including but not limited to the Financial Crimes Enforcement Network ("FinCEN"), the Department of Treasury, or the United States Attorney's Office, and not including the OCC as a party.

Office of the Comptroller of the Currency
November 14, 2025
Page 4

_____

12. All records compiled in connection with the investigation of the Bank and enforcement action AA-SO-2025-46 (the "Enforcement Action"). This Request seeks only records created before the Enforcement Action and does not seek documents created in the course of the Enforcement Action.

13. All investigatory files created by the OCC concerning the Bank, and any internal agency memoranda regarding same.

14. To the extent not previously provided, all records created by the OCC in connection with the OCC's supervision, licensing, regulation, and examination of the Bank.

Please do not hesitate to contact me if you have any questions or need any additional information.

Sincerely,

John L. Dicks II

encl.

84225313,1



**Office of the Comptroller of the Currency**

Washington, DC 20219

December 1, 2025

*VIA EMAIL*

John L. Dicks II, Esquire
AKERMAN LLP
Tampa, Florida
john.dicks@akerman.com

Re: Request for non-public OCC information in connection with *DEF Trading, LLC v Fla Bancshares, Inc., First Nat'l Bank of Pasco, et al , Case No 8:25-cv-02996-SDM-CPT* (M.D. Fla., Tampa Div.)

Dear Mr. Dicks:

This letter is in response to your request dated November 14, 2025, on behalf of plaintiff DEF Trading, LLC ("DEF"), that the OCC produce certain public and non-public OCC information in connection with the lawsuit referenced above ("Litigation").

I understand that DEF is a shareholder of defendant Florida Bancshares, Inc. ("Bancshares"). Bancshares is the 100% owner of defendant First National Bank of Pasco ("Bank").[1] Further, I understand that DEF has brought the Litigation seeking declaratory and injunctive relief and damages for alleged breaches of fiduciary duty related to, among other acts, the defendants' entry into the cannabis-related banking business, which you allege resulted in a September 2025 Formal Agreement between OCC and FNB Pasco ("Formal Agreement"). There are no pending motions or outstanding discovery nor has counsel for defendants entered an appearance in the Litigation.

### A. Requests 1 through 4 – Suspicious Activity Reports

Requests 1 through 4 seek suspicious activity reports ("SARs") that may have been submitted by the Bank. The OCC's *Touhy* regulations, 12 C.F.R. Part 4, Subpart C ("Part 4"), do not apply to requests for SARs. 12 C.F.R. § 4.31(b)(4). Such requests are instead governed by the Bank Secrecy Act, 31 U.S.C. § 5311, *et seq.*, and its implementing regulations, which provide that SARs are confidential and may not be disclosed except in limited circumstances. *See* 31 U.S.C. § 5318(g)(2)(A)(ii); 31 C.F.R. § 1020.320(e)(2); 12 C.F.R. § 21.11(k)(2), *Wiand v Wells Fargo Bank, N A* , 981 F. Supp. 2d 1214, 1216–17 (M.D. Fla. 2013) (stating that SARs are confidential

---

[1] Additional defendants include Bancshares and Bank directors

and subject to an "unqualified discovery and evidentiary privilege that courts have held cannot be waived"). Accordingly, Requests 1 through 4 are denied.

### B.   Requests 5 through 14 – Supervisory Records and Communications

Requests 5 through 14 seek various OCC supervisory records and communications related to the Bank. For the reasons set forth below, Requests 5 through 14 are denied.

The OCC may deny a request for non-public OCC information for reasons that include the following: (i) The requester was unsuccessful in showing that the information is relevant to the pending matter; (ii) The requester seeks testimony and the requestor did not show a compelling need for the information; (iii) The request arises from an adversarial matter and other evidence reasonably suited to the requester's need is available from another source; (iv) A lawsuit or administrative action has not yet been filed and the request was made in connection with potential litigation; (v) The production of the information would be contrary to the public interest or unduly burdensome to the OCC; or (vi) When prohibited by law. *See* 12 C.F.R. § 4.35(a)(2).

> *1   You have not successfully shown that the information is relevant to the pending matter*

You have not shown that the information sought in Requests 5 through 14 is relevant to the Litigation. The Litigation relates to the acts or omissions of defendants, including acts or omissions related to their entry into the marijuana banking business. The OCC is not a party to the Litigation and the OCC's supervision of the Bank is not at issue in the Litigation. While the Bank's books and records may be relevant to the Litigation, you have failed to show how OCC supervisory records and information related to the Bank, and particularly "***all*** records created by the OCC in connection with the OCC's supervision, licensing, regulation, and examination of the Bank" (Request 14) (emphasis added), are relevant to the Litigation. *See Fed Deposit Ins. Corp v Portnoy*, No. 8:13-CV-1124-T-27MAP, 2015 WL 12838859, at *1 (M.D. Fla. June 19, 2015) ("[D]iscovery from [non-party] FDIC-C concerning its awareness and evaluation of the bank's practices, policies and procedures and assessments of its officers is not relevant to the specific loan transactions at issue in this litigation.").

Furthermore, the information sought in Requests 5-7 are not relevant because they primarily relate to the OCC's assessment of the Bank's compliance with the Formal Agreement, which is not a basis for the plaintiff's lawsuit against the defendants.[2] Any assessment of the Bank's compliance with the Formal Agreement is also not relevant as it would post-date the acts or omissions alleged in the complaint. *Raffa v Wachovia Corp*, No. 8:02-CV-1443-T-27EAJ, 2003 WL 21517778, at *4 (M.D. Fla. May 15, 2003) ("The showing of relevancy made by Plaintiff at this point is speculative and not strong. The OCC Supervisory Report relates to a period of time post-dating the acts which allegedly injured Plaintiff.").

---

[2] Only the OCC can enforce the terms of the Formal Agreement *See* 12 U S C §§ 1818(b), 1818(e), 1818(i)(2), *Soberanis v Mortg Elec Registration Sys, Inc*, No. 13-CV-1296-H KSC, 2013 WL 4046458, at *6 (S D Cal Aug 8, 2013) (explaining that there is no private right of action under Section 1818)

     *2   Other evidence reasonably suited to the requester's need is available from another source*

Even if any of the information sought in Requests 5-14 were relevant to the pending matter, you have made no showing that other evidence reasonably suited to your needs is not available from another source, such as the defendants. From the docket, it appears that party discovery has yet to commence. There is no reason to believe that the plaintiffs cannot seek through party discovery the Bank's books and records related to its entry into the marijuana banking business, including the same type of information utilized by the OCC. *Raffa* 2003 WL 21517778, at *4 ("By examining documents concerning Defendant's banking operations, Plaintiff should have access to the same type of information utilized by bank examiners. Plaintiff's ability to utilize this raw data to form opinions is an alternative source for the information sought in the OCC [examination report]."). In addition, with respect to Request 9, it appears the information you seek is both publicly available and available from the Bank. *See* FFIEC Central Data Repository's Public Data Distribution.

     *3.   Production of the information sought would be contrary to the public interest*

Most of the information sought in Requests 5-14 is protected by various privileges, including the Bank Examination Privilege ("BEP").[3] *Raffa*, 2003 WL 21517778, at *4 ("Disclosure of the OCC document could impair the free flow of information between bank and bank examiner in future cases."). The BEP arises out of the practical need "...to preserve absolute candor essential to the effective supervision of banks " *Erhardt v. BOFI*, 2019 WL 4534701 (S.D. Cal. 2019), citing *Wultz v Bank of China Ltd* , 61 F. Supp. 3d 272, 281 (S.D.N.Y. 2013) (quoting *Linde v Arab Bank, PLC*, No. 04 Civ. 2799, 2009 WL 3055282, at *1 (E.D.N.Y. Sept. 21, 2009)). As such, the BEP exists "to protect the integrity of the regulatory process by privileging such communications " *Id* Given that you have failed to demonstrate that the information sought is relevant to the issues in the Litigation and is available from another source, waiver of the BEP would be contrary to the public interest.

This is a final agency decision on your request, and your remedy is to seek review in U.S. District Court under the Administrative Procedure Act, 5 U.S.C. § 706(2). Should you have any questions, please contact Jason Friedman, Assistant Director for Litigation, at 202-649-6255 or jason.friedman@occ.treas.gov.

Sincerely,

**Peter C. Koch** Digitally signed by Peter C Koch
Date 2025 12 01 13 37 08 -05'00'

Peter C. Koch
Director for Litigation

---

[3] Some of the information you seek may also be subject to additional privileges, including the Deliberative Process Privilege and the Attorney Client Privilege.

3