UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEF TRADING, LLC,

     Plaintiff,

v.

FLORIDA BANCSHARES, INC. and
FIRST NATIONAL BANK OF PASCO
as nominal defendants and ANDER PLATT
GIBBS, JOHN HENSON, PAUL MIDILI,
ERNEST PEEPLES, MARLENE MANN,
STEVEN CARLE, AND PAULA S. O'NEIL,

     Defendants.

_____/

CASE No. 8:25-cv-02996-SDM-CPT

## <u>TIME-SENSITIVE MOTION TO ENFORCE INJUNCTION</u>

In May, the Court found a substantial likelihood that the Second Amended Bylaws ("Invalid Bylaws") of Defendant Florida Bancshares, Inc. ("Bancshares") were invalid and improperly adopted to entrench the Director Defendants[1] and frustrate shareholder attempts to elect new directors. Order (Doc. 67; "Injunction") at 5-6. The Court further found that allowing Bancshares to continue using those invalid bylaws with respect to its annual shareholder meeting ("Annual Meeting") would irreparably harm Plaintiff DEF Trading, LLC ("DEF" or "Plaintiff") by improperly frustrating shareholders' ability to elect alternative board members at the meeting. *Id.* To ensure that the Annual Meeting occurs fairly with full information to the

---

[1] Ander Platt Gibbs, John Henson, Marlene Mann, Steven Carle, and Paula S. O'Neil.

87485426;2

shareholders, the Court enjoined Defendants from convening the Annual Meeting or otherwise "electing or re-electing directors by any means" for sixty days. *Id.* at 7.

In response to the Injunction, the Director Defendants have doubled down on their entrenchment by finding new ways to entrench themselves, violating the spirit of the injunction, if not the injunction itself, and by repeatedly attempting to inject their enjoined conduct back into the Annual Meeting, which they have postponed to July 23, 2026. The whole point of the injunction was to put Plaintiff's nominees on the ballot pursuant to the First Amended By-Laws, and allow the shareholders time to consider those nominees in advance of an Annual Meeting, but Defendants have ignored that. Rather, they insist the Annual Meeting can be convened without ever updating their original notice of Annual Meeting (which omitted Plaintiff's director nominees) or otherwise informing the shareholders that the director elections are now contested. Indeed, despite the Injunction, Plaintiff's director nominees are not mentioned in any communications regarding the Annual Meeting, nor are they mentioned anywhere on the website provided to convene the Annual Meeting.

Moreover, Defendants have been soliciting proxy votes in advance of the Annual Meeting, again using proxy cards that never mention the disputed nature of the director elections (let alone Plaintiff's nominees). And Defendants even apparently intend to rely on votes submitted before the Injunction issued. Defendants are seeking to side-step the Injunction by erecting a vote-by-mail system that includes only their preferred candidates on the ballot.

2

The Director Defendants are paying lip-service to the Injunction while persisting in the same conduct they took under the Invalid Bylaws that necessitated the Injunction in the first place. And in doing so, Defendants are still trying to keep Bancshares' shareholders in the dark about Plaintiff's director nominees or even the fact that the director elections are contested. No reasonable interpretation of the Injunction permits this conduct, which constitutes an independent breach of the Director Defendants' fiduciary duties.

Plaintiff has repeatedly attempted to work with Defendants to ensure the Annual Meeting is fairly convened on July 23, 2026. But, consistent with their pattern of practice, the Director Defendants have stonewalled these efforts at every turn, forcing Plaintiff to seek judicial intervention through this Motion.

To ensure that Defendants do not improperly convene the Annual Meeting on July 23, 2026, Plaintiff seeks time-sensitive enforcement of the Injunction through clarification that it requires Defendants to conduct the entire annual meeting process fairly and in accordance with the March 21, 2024 Amended Bylaws ("Effective Bylaws"), rather than simply kicking the can sixty days down the road while continuing to rest on (and further) the exact misconduct that precipitated the Injunction. To that end, Plaintiff requests that the Court enforce the Injunction by extending another sixty days the prohibition on convening the annual shareholders' meeting, electing or re-electing directors, or acting outside the ordinary course of business to allow the shareholder meeting to actually be convened in accordance with

3

87485426;2

the Injunction. Plaintiff asks that the Court require a response to this Motion not later than **July 17, 2026**, and rule on this Motion not later than **July 22, 2026**.

## BACKGROUND

The Director Defendants' breaches of fiduciary duty, which ultimately precipitated the Injunction, are discussed in detail in *Plaintiff's Verified Time-Sensitive Motion for Preliminary Injunction and Incorporated Memorandum of Law* (Doc. 30; "PI Motion"), and at the April 30, 2026 hearing on the PI Motion ("PI Hearing"), *see Transcript of Preliminary Injunction Hearing* (Doc. 79). The facts set out in the PI Motion and at the PI Hearing are incorporated into this Motion.

Pertinent to this Motion, on April 7, 2026, Defendants delivered to Bancshares' shareholders a notice identifying the items to be voted on at the Annual Meeting then-scheduled to occur on May 21, 2026. *See Notice of Annual Shareholders Meeting* ("April 7 Notice"), attached as **Exhibit A** to the Declaration of Keenan Molaskey ("Molaskey Dec."). One such item was the "[e]lection of Directors and to set the terms of service listed in the Proxy Statement dated April 7, 2026, accompanying this notice." *Id.* (emphasis added). The "accompanying" proxy statement identifies only two "nominees for election of directors" – Defendants Carle and Gibbs. *Annual Meeting of Shareholders: Proxy Statement* ("Proxy Statement"), attached as **Exhibit B** to the Molaskey Dec.

Along with the Proxy Statement, Defendants also mailed shareholders a "Proxy Card," attached as **Exhibit C** to the Molaskey Dec., which lists the items in the Proxy

4

Statement and allows a shareholder to "vote" on each. Only the two directors identified in the Proxy Statement are included on the Proxy Card, which does not allow a shareholder to vote "against" either director candidate; the shareholder can only "withhold" their vote for the candidate.

On April 17, 2026 – more than thirty days in advance of the annual meeting – Plaintiff provided its director nominees to Bancshares. *See April 17, 2026 Correspondence*, attached as **Exhibit D** to the Molaskey Dec. Although Plaintiff had previously proposed these nominees to Defendants, *see Complaint* (Doc. 1) ¶ 40, Plaintiff again nominated them in advance of the annual shareholder meeting to confirm compliance with Effective Bylaws. Ex. D.

Relying on the Invalid Bylaws, Defendants refused the nominations because they were not made within 120 days before the annual meeting (which was announced with only 44 days' notice). *See April 20, 2026 Correspondence*, attached as **Exhibit E** to the Molaskey Dec. Defendants made clear they would convene a vote only on their own nominees, as provided in the April 7 Notice and incorporated Proxy Statement. Defendants' refusal to permit consideration of Plaintiff's director nominees, among other conduct, precipitated the PI Motion and, consequently, the Injunction.

Under the Injunction, Plaintiff's nomination of director candidates is governed by Article II, Section 11 of the Effective Bylaws, which states in full:

> The Board of Directors will serve as the nominating committee for the selection of candidates to be Board members. The nominating committee shall deliver written nominations to the Corporate Secretary at least 30 days prior to the Annual Meeting. No nominations, except those

87485426;2

> made by the nominating committee, shall be voted upon at the Annual Meeting, unless other nominations are made by shareholders in writing and delivered to the Corporate Secretary of the Corporation at least 30 days prior to the date of the Annual Meeting. Ballots bearing the names of all persons nominated shall be provided for use at the Annual Meeting. If the nominating committee fails to act at least 30 days prior to the Annual Meeting, nominations may be made at the Annual Meeting by the Board of Directors or any shareholder entitled to vote.

Effective Bylaws, Art. II § 11. Plaintiff provided written nominations to the Corporate Secretary on April 17, 2026, well in advance of the deadline under Section 11. *See* Ex. D. The Corporate Secretary has no authority to ignore those nominations.

In response to the Injunction, Defendants conceded they must now accept Plaintiff's director nominees but they insist they may otherwise pretend the Injunction never issued. *June 25, 2026 Correspondence*, attached as **Exhibit H** to the Molaskey Dec. Although they informed shareholders of the new date for the Annual Meeting, *see* **Exhibit F** to the Molaskey Dec., Defendants refuse to issue an amended notice of annual meeting or otherwise inform shareholders that there are more than two director nominees. Ex. H; *see also July 7 Correspondence*, attached as **Exhibit J** to the Molaskey Dec. Indeed, the ClearTrust website that will be hosting the Postponed Meeting makes no mention whatsoever of Plaintiff's director nominees or even the contested nature of the director elections.  Molaskey Dec. ¶¶ 15-19.

Moreover, the Director Defendants are actively encouraging shareholders to vote in advance of the Annual Meeting using the prior proxy card, which provides no mechanism for a shareholder to vote for Plaintiff's director nominees or even to vote

"against" Defendants' nominees. Ex. C; Molaskey Dec. ¶ 13. Of course, Defendants' proxy card also provides no indication that the director elections are contested.

Throughout the entire Injunction period, Defendants have been encouraging shareholders to "vote early" using this ballot that omits Plaintiff's directors and omits even the fact that the director election is contested. Molaskey Dec. ¶ 18. Defendants refuse to issue a new proxy card, refuse to disclose that the director elections are contested, and are even intending to rely on proxies submitted **before** the Injunction. In short, Defendants are refusing to disclose the contested nature of the director elections and are attempting to mislead shareholders into providing proxy support before July 23, 2026. This conduct violates the Injunction and should be remedied, including by extending for another sixty days the prohibitions in Paragraph 7 of the Injunction.

## **LEGAL STANDARD**

This Court has inherent authority to enforce its own Injunction. *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012). In enforcing its injunction, the Court may extend a time-limited preliminary injunction if the restrained party has violated the injunction and irreparable injury would result if the injunction is permitted to expire. *See, e.g.*, *Aquent LLC v. Stapleton*, 2014 WL 2801242, at *2 (M.D. Fla. June 19, 2014) (recognizing the Court's authority to extend time-limited preliminary injunction but declining to extend injunction because defendant's breaches could be cured through money damages). The Court's authority to enforce the Injunction necessarily

includes the authority to interpret its provisions. *Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co., Inc.*, 768 F.3d 1320, 1327 (11th Cir. 2014).

## **ARGUMENT**

Defendants are digging in their heels, ignoring the Injunction, and committing new fiduciary breaches, all to avoid simply telling Bancshares' shareholders that other candidates for director have been nominated. Defendants candidly admit Plaintiff has nominated two director candidates, but Defendants refuse to disclose that fact to the shareholders. Instead, Defendants are trying to convene the Annual Meeting under the improper April 7 Notice that identifies only the director candidates nominated by Defendants, and they are simultaneously soliciting advance shareholder proxy votes, again without identifying Plaintiff's nominees or even disclosing that they exist.

By attempting to convene the Annual Meeting under the misleading April 7 Notice, Defendants are attempting to give present effect to their improper prior conduct under the Invalid Bylaws, thereby enforcing the Invalid Bylaws, and separately breaching their fiduciary duty of honesty to the shareholders. And by soliciting proxy votes through misleading proxy materials, Defendants have attempted to elect or re-elect directors by any means before Shareholders learn that Defendants' director nominees are contested.

For both of these reasons, Defendants have violated and are violating the Injunction. And Plaintiff will suffer irreparable harm if Defendants are permitted to convene the Annual Meeting on July 23, 2026, under the false and misleading April 7 Notice and related documents. As such, the Court should grant this Motion, confirm

87485426;2

that the Injunction requires Defendants to convene the Annual Meeting under a new process that fully informs the shareholders of the election landscape, issue an order to show cause why Defendants should not be held in contempt for their violation of the Injunction, and extend the prohibitions in Paragraph 7 of the Injunction for a further 60 days.

I.    **DEFENDANTS ARE IMPROPERLY ATTEMPTING TO ENFORCE THE INVALID BYLAWS AND CONVENE THE ANNUAL MEETING UNDER THE FALSE AND MISLEADING APRIL 7 NOTICE.**

By insisting they may convene the Annual Meeting under the April 7 Notice and need not inform shareholders that the director elections are now contested, Defendants are still attempting to enforce the Invalid Bylaws – namely Article II, Sections 11 and 13 – and further attempting to mislead shareholders into voting for Defendants' nominees before even realizing the election is contested. The Injunction does not permit Defendants to persist in the very conduct precipitating the Injunction and convene the annual meeting by lying to the shareholders. The Court should grant this Motion, enforce the Injunction, and compel Defendants to convene the annual meeting under a new notice that fully and fairly discloses the disputed nature of the director elections.

Plaintiff complied with the Effective Bylaws and duly nominated its director nominees, and even Defendants agree that Plaintiff's candidates have been duly nominated. The Effective Bylaws do not give Bancshares any authority to ignore those nominees. *See* Effective Bylaws, Art. II § 11. Nor do the Effective Bylaws allow Defendants to hide those nominees from shareholders and erect an advance vote-by-

9

87485426;2

mail system that allows shareholders to vote for only the nominees that Defendants prefer.

Defendants stake their attempts to hide Plaintiff's nominees on the theory that Florida Statutes "do not require an annual meeting notice to contain a description of the purposes for which the meeting is called." Ex. H. But that argument ignores Bancshares' decision to disclose those purposes in the April 7 Notice, including the purported slate of candidates for "[e]lection of Directors." Ex. B. Defendants cannot issue a Meeting Notice purporting to report the director candidates while refusing either to identify all duly nominated candidates or even disclose that the election is contested.

"When directors communicate publicly or directly with shareholders about corporate matters[,] the *sine qua non* of directors' fiduciary duty to shareholders is honesty." *Vejseli v. Duffy*, 2025 WL 1452842, at *19 (Del. Ch. May 21, 2025) (quotation omitted) (requiring company to issue new notice of meeting where prior notice was rendered misleading by invalid board conduct).[2] "Stockholders are 'entitled to a balanced and truthful recitation of events, not a sanitized version that is materially misleading.'" *Morrison v. Berry*, 191 A.3d 268, 286 (Del. 2018) (quoting *In re Pure Resources, Inc., S'holders Litig.*, 808 A.2d 421, 451 (Del. Ch. 2002)). To this end, if a

---

[2] Courts applying Florida law borrow Delaware law for purposes of corporate governance issues. *See Bancor Grp. Inc. v. Rodriguez*, 2022 WL 2916857, at *7 (S.D. Fla. June 14, 2022), *rep. & rec. adopted in relevant part*, 2022 WL 2915887.

87485426;2

company decides to disclose a director election to shareholders, that description must be fair and accurate. *Vejseli*, 2025 WL 1452842, at *19.

*Vejseli* is remarkably similar to this action. In response to an impending proxy contest, the defendant board of directors unanimously adopted a resolution setting the date of the company's annual meeting and reducing the size of the board to eliminate one of the two director seats "up for election at the annual meeting." *Id.* at *1. The board then issued a press release announcing the date of the annual meeting and later – after receiving the plaintiff's notice nominating two directors – "updated its website to disclose that" only one seat would be up for election. *Id.* at *6-7.

The Chancery Court found that the board reduction was improperly effected for entrenchment purposes, breached the board's fiduciary duties, and was thus invalid. *Id.* at *9-13. Important here, the Chancery Court further concluded that the board's breaches rendered their disclosures about the annual meeting "false and misleading," especially as they falsely represented "that only one … director is up for election at the Annual Meeting." *Id.* at *19. The Chancery Court required the board to remedy this falsehood by (1) setting a new date for the annual meeting, (2) allowing shareholders to submit new director nominations (even though the plaintiff's prior purported nomination was ineffective), and (3) disclosing to shareholders "the Court's ruling in this action, including the new date of the Annual Meeting and the Court's order that the nomination window be reopened for ten days to permit any … stockholder to nominate directors for the two … seats up for election." *Id.* at *19. The Chancery Court required this corrective action "[t]o ensure that the stockholders are fully informed"

and, "with the benefit of full disclosure, [the] stockholders can finally decide for themselves who should serve on the Board." *Id.* at \*1, 19 (emphasis added).

*Vejseli* confirms Defendants' response to the Injunction is improper and they must correct the April 7 Notice. Indeed, Defendants' conduct is more egregious than in *Vejseli*. Rather than simply "update its website," *Id.* at \*7, Defendants delivered the April 7 Notice to every shareholder of record, which notice purported to identify the director candidates for election but does not identify all candidates or even suggest any director election is contested. Exs. A-C. And unlike in *Vejseli*, Plaintiff validly nominated two directors on April 17, 2026, well in advance of the deadline under the Effective Bylaws. Ex. D. But Defendants improperly rejected that nomination pursuant to the Invalid Bylaws. Ex. E.

As the Court concluded in issuing the Injunction, the Invalid Bylaws are substantially likely to be "inequitable and unenforceable," and Plaintiff will suffer irreparable harm if its nominees are not included on the ballot of any director election. Injunction at 5- 6. Even Defendants concede they must now allow shareholders to vote for DEF's nominees at the annual meeting. Ex. H. That concession confirms the April 7 Notice is false and misleading as it omits DEF's nominees and thus falsely represents that the director elections are uncontested.

Defendants have already corrected one falsehood in the April 7 Notice by informing shareholders of the new date of the Annual Meeting. Ex. F. But they refuse to correct the April 7 Notice or otherwise disclose to the shareholders that additional director candidates have been duly nominated and the director elections are now

87485426;2

contested. Exs. H, J. Instead, Defendants are doubling down on their entrenchment and soliciting votes (under their equally misleading Proxy Card) <u>before</u> shareholders even realize the director elections are disputed.

Defendants' attempts to mislead shareholders into providing advanced votes in purportedly uncontested elections breach "the *sine qua non* of [their] fiduciary duty," *Vejseli*, 2025 WL 1452842, at *19, and the Annual Meeting cannot properly be convened under these circumstances. No reasonable interpretation of the Injunction permits Defendants to hide the contested nature of the director elections while shoring up proxy support under false pretenses. The Court should grant this Motion and enforce the Injunction by confirming that Defendants must fully and fairly disclose to Bancshares' shareholders that the director elections are contested and, "with the benefit of [that] full disclosure," allowing the shareholders to "finally decide for themselves who should serve on the Board." *Id.* at *1.

## II.     DEFENDANTS ARE ATTEMPTING AND HAVE BEEN ATTEMPTING TO ELECT DIRECTORS THROUGH THEIR MISLEADING PROXY MATERIALS

Moreover, Defendants' attempt to lock in proxy votes before even disclosing the disputed nature of the director elections constitutes an attempt to "elect[] or re-elect[] directors by any means," and thus independently breaches the Injunction. Injunction at 7. Indeed, by refusing to update any of the meeting materials (including the proxy materials) or to re-set the proxy solicitations in light of the Injunction, Defendants are again persisting in the improper conduct with respect to the Annual Meeting that compelled the Injunction. The Injunction does not permit Defendants to

87485426;2

simply hide Plaintiff's nominees for sixty days while soliciting advanced votes on those very elections before retroactively giving present effect to the very conduct enjoined. The Court should grant this Motion, enforce the Injunction, and require the Defendants – at the very least – to re-solicit votes for the Annual Meeting after fully and fairly disclosing the nature of the meeting.

Again eliding their own misconduct, Defendants insist their proxy solicitations do not constitute "electing" a director because the votes are not technically cast until the Annual Meeting and the Florida Statutes purportedly do not require Defendants to include DEF's nominees on their proxy cards. Ex. J. But again, this dispute did not arise in a vacuum: the Court found Defendants had improperly attempted to enforce the Invalid Bylaws, enjoined enforcement of the Invalid Bylaws, and enjoined Defendants from convening the Annual Meeting or otherwise attempting to elect a director for sixty days as a result. Injunction at 7.

The manifest effect of the Injunction is to compel the Parties to use those sixty days to cure Defendants' misconduct and convene a free and fair election at the Annual Meeting in which the shareholders would be permitted to vote with full information. The Injunction alters the standard obligations imposed upon a Florida corporation. By attempting to lock-in shareholder support for their nominees before telling shareholders that other nominees exist, Defendants are manifestly undermining and thus violating the Injunction.

Moreover, contrary to Defendants' claim, even they view their proxy card as securing votes, i.e., the election of a director by any means. The ClearTrust website for

14

87485426;2

the Annual Meeting urges shareholders to "vote early" using a link titled "vote here" (which directs to the proxy card). Molaskey Dec. ¶ 14. Once shareholders provide their control number, they are taken to a page to submit their "vote" of for, against, or abstain on all matters except the election of Defendants' director nominees, which allow only a vote of for or withhold. *Id.* ¶ 18. A shareholder's vote is summarized and submitted on the subsequent pages, and after submission a green checkbox informs the shareholder that they have "voted" (even if they voted <u>before</u> the Injunction). *Id.* ¶ 17.

A governmental entity enjoined from "convening" an election or otherwise electing an official "by any means" would not reasonably consider itself free to deliver and solicit the return of mail-in ballots, even if those ballots are not technically counted until election day. So too here. The Injunction was issued to remedy Defendants' misconduct and ensure that shareholders are permitted to vote at the annual meeting with full information, including information about DEF's nominees. Defendants cannot comply with the Injunction while pushing shareholders to vote for their nominees without even disclosing that other nominees exist.

Indeed, Defendants' position that the election of a director could only occur at the Annual Meeting, when votes are technically counted, would render the prohibition on electing directors "by any means" mere surplusage. Injunction at 7. That provision must prohibit more than "convening the annual shareholder's meeting," which is separately prohibited. *Id.*

Defendants' attempt to solicit votes for directors while materially misleading shareholders constitutes an attempt to elect directors "by any means." *Id.* Defendants

15

are trying to sidestep the Injunction by completing the election before it even begins. And worse, Defendants are attempting to do so by hiding from the shareholders the fact that alternative nominees even exist. The Court should not permit Defendants to further entrench themselves by keeping shareholders in the dark. The Motion should be granted and Defendants should, at the very least, be compelled to restart the proxy process only after providing the shareholders with all information about the Annual Meeting.

## III.    PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT AN EXTENSION

Finally,  Plaintiff will suffer irreparable harm if Defendants are permitted to continue on their present course. As the Court noted in the Injunction, Plaintiff will suffer irreparable harm if Defendants convene the Annual Meeting and "elect or re-elect directors using an election ballot that omits DEF's director nominees." Injunction at 6. Directors are attempting to achieve that exact same irreparable harm by hiding the ballot from shareholders, and this obfuscation constitutes an independent breach of fiduciary duty and independent harm to all shareholders, including DEF, who are not being permitted to decide for themselves who should run Bancshares with the benefit of "full disclosure." *Vejseli*, 2025 WL 1452842, at *1.

For as long as the Injunction has been enforced, Defendants have been working to undermine it. To ensure that the Injunction is effective and ensure that the Annual Meeting is convened in a manner that provides the shareholders with full information,

87485426;2

the Court should extend the prohibitions in Paragraph 7 of the Injunction for a further

sixty days.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests that the Court grant

this Motion and enforce the Injunction by (1) confirming that the Injunction requires

Defendants to re-convene the Annual Meeting through a new process that fully and

fairly discloses Plaintiff's nominees and the contested nature of the director elections,

(2) directing Defendants to show cause why they should not be held in civil contempt

for violating the Injunction, and (3) extending the prohibitions in Paragraph 7 of the

Injunction for a further sixty days to allow the shareholders, "with the benefit of full

disclosure," to "finally decide for themselves who should serve on the Board." *Vejseli*,

2025 WL 1452842, at *1.

Date: July 13, 2026                      Respectfully submitted,

                                         By: /s/ *Keenan Molaskey*
                                         **Andrew P. Gold, Esq.**
                                         Florida Bar No. 612367
                                         Primary email: andrew.gold@akerman.com
                                         Secondary email: jill.parnes@akerman.com
                                         **Scott Miller, Esq.**
                                         Florida Bar No. 1001148
                                         Primary email: scott.miller@akerman.com
                                         Secondary email:
                                         Charlene.cerda@akerman.com
                                         **AKERMAN LLP**
                                         201 East Las Olas Boulevard, Suite 1800
                                         Fort Lauderdale, Florida 33301-2229
                                         Telephone: (954) 463-2700
                                         Facsimile: (954) 463-2224

87485426;2

**John Dicks, Esq.**
Florida Bar No. 89012
Primary email: john.dicks@akerman.com
Secondary email:judy.mcarthur@akerman.com
**AKERMAN, LLP**
401 E. Jackson Street
Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837
*Counsel for Plaintiff*

**Keenan Molaskey, Esq.**
Florida Bar No. 1031827
Primary email:
keenan.molaskey@akerman.com
Secondary email:
caren.deruiter@akerman.com
**AKERMAN LLP**
1900 Sixteenth Street
Suite 950
Denver, CO 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

87485426;2