# Exhibit E

# IGLER | PEARLMAN P.A.

## ATTORNEYS AT LAW

April 20, 2026

Andrew Gold
Akerman LLP
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301

   **RE:** **Florida Bancshares, Inc.**

Dear Mr. Gold:

   Florida Bancshares, Inc. has asked me to respond to your letter dated April 17, 2026. It is my understanding that you and your client have previously been provided with copies of the company's bylaws. For your convenience, I have attached an additional copy.

   We note your client's notice is well past the deadline set forth in Article II, Section 11 of the bylaws. Further, the notice does not provide the information required by Article II, Section 13 of the bylaws. Therefore, the company will not present your client's proposed nominees at the upcoming annual meeting.

   Should your client desire to make a director nomination for the 2027 annual meeting, please ensure that it conforms to the requirements of the bylaws. We also note the filing requirements of 12 CFR Section 225.73(f)(2).

   If you have any questions regarding the foregoing, please call me.

         Sincerely,

         **IGLER & PEARLMAN, P.A.**

         Richard Pearlman

cc:  Florida Bancshares, Inc.
   Daniel Nicholas, Esq.

## SECOND
## AMENDED AND RESTATED
## BYLAWS
## OF
## FLORIDA BANCSHARES, INC.

These Second Amended and Restated Bylaws of Florida Bancshares, Inc. (the "Corporation") were adopted by the Board of Directors on August 21, 2025, and amend and restate all previous iterations of the Corporation's Bylaws.

## ARTICLE I
## OFFICES

The home office of the Corporation shall be located at such place as the Board of Directors may determine from time to time.

## ARTICLE II
## STOCKHOLDERS

**Section 1 – ANNUAL MEETING.** The Annual Meeting of the shareholders shall be held on such date and time as the Board of Directors shall determine, for the purpose of electing directors and for the transaction of such other business as may lawfully come before the meeting.

**Section 2 – SPECIAL MEETINGS.** Special meetings of shareholders of the Corporation may be called by the Board of Directors pursuant to a resolution adopted by a majority of the total number of authorized directors (whether or not there exist any vacancies in previously authorized directorships at the time any such resolution is presented to the Board for adoption), the Chairman of the Board, the Chief Executive Officer or the President of the Corporation, or by shareholders holding more than 50% of the outstanding shares of the Corporation. Any shareholder(s) desiring to call a Special Meeting must deliver to the Chairman of the Board of the Corporation a Shareholder Notice as described in Article II, Section 13, below. Any Special Meeting of the shareholders shall be held on such date and time as the Board of Directors shall determine, provided that a Special Meeting called at the request of shareholders holding more than 50% of the outstanding shares of the Corporation shall be held within 90 days of the submission of a complete Shareholder Notice. Business transacted at any Special Meeting of shareholders shall be limited to the purposes stated in the notice thereof.

**Section 3 – PLACE OF MEETING.** All meetings of the shareholders shall be held at the home office of the Corporation or such other place as shall be designated from time to time by the Board of Directors and stated in the notice of such meeting.

**Section 4 – NOTICE OF MEETING.** Written notice, signed by the President or Chairman of the Board, stating the place, day and hour of the meeting and in the case of a Special Meeting the purpose or purposes for which the meeting is called, shall be mailed or confirmed e-mailed not less than 10 nor more than 60 days before the date of the meeting to each shareholder of record entitled to vote at such meeting. Such notice shall be mailed or confirmed

e-mailed to each shareholder at its, his, or her address as it appears on the records of the Corporation. Any shareholder may waive notice of a meeting before, at, or after the meeting.

**Section 5 – VOTING LISTS.** The officer or agent having charge of the stock transfer books for shares of the Corporation shall, at least five days before each meeting of shareholders, make a complete list of the shareholders entitled to vote at such meeting or any adjournment thereof. The list shall be arranged in alphabetical order, with the address and the number of shares held by each shareholder. The list of shareholders shall be produced at any shareholders' meeting at the request of any shareholder.

**Section 6 – QUORUM.** Except as otherwise provided in these Bylaws, or the Corporation's Articles of Incorporation, a majority of the outstanding shares of the Corporation entitled to vote shall constitute a quorum at a meeting of shareholders. The shareholders present at a duly convened meeting may continue to transact business until adjournment thereof, notwithstanding the subsequent withdrawal of shareholders sufficient to leave less than a quorum.

**Section 7 – VOTING OF SHARES.** Each shareholder entitled to vote shall be entitled to one vote in person or by proxy for each share of voting stock recorded in its, his, or her name on the books of the Corporation. Such right to vote shall be subject to the right of the Board of Directors to close the transfer books or to fix a record date for voting shareholders, as hereinafter provided.

**Section 8 – PROXIES.** At any meeting of shareholders, a shareholder may be represented by a proxy appointed by an instrument executed in writing by the shareholder, or by its, his, or her duly authorized attorney-in-fact; but no proxy shall be valid after one year from its date, unless the instrument appointing the proxy provides for a longer period. Such instrument shall be filed with the Corporation before or at the time of the meeting. If any such instrument shall designate two or more persons to act as proxies, a majority of such persons present at the meeting, or if only one be present, that one shall have all of the powers conferred by the instrument upon all persons so designated, unless the instrument shall otherwise provide.

**Section 9 – RECORD DATE.** For the purpose of determining shareholders entitled to notice of or to vote at any meeting of shareholders or any adjournment, or shareholders entitled to receive payment of any dividend, or in order to make a determination of shareholders for any other proper purpose, the Board of Directors shall fix in advance a date as the record date for any such determination of shareholders. Such date shall be not more than 60 days and, in case of a meeting of shareholders, not fewer than 10 days prior to the date on which the particular action, requiring such determination of shareholders, is to be taken. When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this Section, such determination shall apply equally to any adjournment.

**Section 10 – INSPECTOR OF ELECTION.** The Board of Directors may appoint any person(s) other than nominees for office, as inspector(s) of election to act at a meeting of shareholders or any adjournment thereof. The number of inspectors shall be either one or three. Any such appointment shall not be altered at the meeting except as hereinafter provided. If

inspectors of election are not so appointed, the Chairman of the Board, the Chief Executive Officer, or the President may make such appointment at the meeting. In case any person appointed as inspector fails to appear or fails or refuses to act, the vacancy may be filled by the Board of Directors in advance of the meeting, or at the meeting by the Chairman of the Board, the Chief Executive Officer or the President.

Unless otherwise prescribed by law or regulation, the duties of such inspector(s) shall include: (i) determining the number of shares entitled to vote, the number of shares represented at the meeting, the existence of a quorum, and the authenticity, validity and effect of proxies; (ii) receiving votes, ballots, or consents; (iii) hearing and determining all challenges and questions arising in connection with the right to vote; (iv) counting and tabulating all votes, ballots or consents; (v) determining and certifying the results of balloting; and (vi) such other acts as may be proper or necessary in order to conduct the election or vote, with fairness to all shareholders.

**Section 11 – NOMINATING COMMITTEE.** The Board of Directors will serve as the nominating committee for the selection of candidates to be Board members. The nominating committee shall deliver written nominations to the Corporate Secretary at least 120 days prior to the date of the Annual Meeting. No nominations for director, except those made by the nominating committee, shall be voted upon at the Annual Meeting, unless other nominations are made by shareholders in a Shareholder Notice described in Article II, Section 13, below, delivered to the Chairman of the Board of the Corporation at least 120 days prior to the date of the Annual Meeting. Ballots bearing the names of all persons nominated shall be provided for use at the Annual Meeting. If the nominating committee fails to act at least 120 days prior to the Annual Meeting, nominations for directors may be made at the Annual Meeting by the Board of Directors.

**Section 12 – NEW BUSINESS.** Any new business to be taken up at the Annual Meeting shall be stated in a Shareholder Notice delivered to the Chairman of the Board of the Corporation at least 120 days before the date of the Annual Meeting, and all business properly so stated, proposed, and filed shall be considered at the Annual Meeting; but no other proposal shall be acted upon at the Annual Meeting.

**Section 13 – SHAREHOLDER NOTICES.** A Shareholder Notice must contain:

A. The name and address of the shareholder providing the Shareholder Notice.
B. The name and address of any other Company shareholder who is part of a "group[1]" with, a member of the "immediate family[2]" of, or who is or would be presumed[3] to be "acting in concert[4]" with, the shareholder providing the Shareholder Notice.
C. The number of shares of Corporation common stock owned by each shareholder described in (A) or (B).

---

[1] As defined in Section 607.0902(2)(f), Florida Statutes.
[2] As defined in 12 CFR Section 225.41(b).
[3] As described in 12 CFR Section 225.
[4] As defined in 12 CFR Section 225.41(b).

D. The number of shares of Corporation common stock as to which each shareholder described in (A) or (B) has the power to vote or dispose of.

E. A materially complete description of any arrangement or understanding between any shareholder described in (A) or (B) and any individual nominated for election as director in such Shareholder Notice, pursuant to which the nominated individual is proposed to be elected or to serve.

F. With respect to any shareholder described in (A) or (B), and any individual named as a director nominee in the Shareholder Notice, a statement as to whether such individual has been, within the preceding five years, the subject of any action or event described in 17 CFR Section 230.506(d) and a materially complete description of such action or event.

G. With respect to any shareholder described in (A) or (B), and any individual named as a director nominee in the Shareholder Notice, a statement as to whether such individual has been convicted[5] of a "covered offense[6]" and a materially complete description of the facts underlying such conviction.

H. With respect to any individual named as a director nominee in the Shareholder Notice the information described in 17 CFR Section 240.14a-101, Item 7.

I. A materially complete description of any substantial interest, direct or indirect, by security holdings or otherwise, of the shareholder providing the Shareholder Notice, and any shareholder described in (A) or (B), in any matter described in the Shareholder Notice, other than election as a director.

**Section 14 – NO ACTION WITHOUT A MEETING.** Any action which is required or permitted to be taken by the shareholders must be taken at a meeting called, convened, and conducted in accordance with these Bylaws.

## ARTICLE III
## BOARD OF DIRECTORS

**Section 1 – GENERAL POWERS.** The business and affairs of the Corporation shall be conducted under the direction of its Board of Directors. In addition to the powers and authority expressly conferred upon them by Florida law, the Articles of Incorporation of the Corporation or these Bylaws, the directors are hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation. The Board of Directors shall elect annually from among its members a Chairman of the Board. The Chairman shall preside at meetings of the Board of Directors and meetings of shareholders.

**Section 2 – NUMBER OF DIRECTORS.** The Board of Directors of the Corporation shall be comprised of no more than twenty-five (25) directors and shall be fixed from time to time exclusively by the Board of Directors pursuant to a resolution adopted by a majority of the full Board as set forth herein. The Board of Directors is authorized to increase the number of directors by no more than two (2) and to immediately appoint persons to fill the new director positions until the next Annual Meeting of Shareholders, at which meeting the new director positions shall be filled by persons elected by the shareholders of the voting power of all the

---

[5] As described in 12 CFR Section 303.223.
[6] As defined in 12 CFR Section 303.222.

then-outstanding shares of capital stock of the Corporation entitled to vote generally in the election of directors, voting together as a single class.

**Section 3 – QUALIFICATIONS.** Unless otherwise approved by the Board, no person shall be eligible for election as a director or officer of the Corporation who has been adjudicated bankrupt or convicted of a criminal offense involving dishonesty or a breach of trust.

**Section 4 – REMOVAL OF DIRECTORS.** Directors may be removed for any reason at a meeting of shareholders, noticed and called expressly for that purpose, by a vote of the holders of at least a majority of the shares then entitled to vote at an election of directors.

**Section 5 – ANNUAL MEETING.** The Board of Directors shall hold its Annual Meeting promptly following the Annual Meeting of shareholders, for the purpose of the election of officers and the transaction of such other business as may come before the meeting; and, if a majority of the directors be present at such place and time, no other notice of such meeting shall be required to be given to the directors. The place and time of such meeting may also be changed and fixed by written consent of all of the directors.

**Section 6 – REGULAR MEETINGS.** Regular Meetings of the Board of Directors shall be held at the home office of the Corporation or such other places, and at such times, as shall be determined, from time to time, by the Board of Directors.

**Section 7 – SPECIAL MEETINGS.** Special Meetings of the Board of Directors may be called by or at the request of the Chairman of the Board, the Chief Executive Officer, the President, or any three or more directors. The person or persons authorized to call Special Meetings of the Board of Directors may reasonably fix the time and place for holding any Special Meetings of the Board of Directors called by them.

**Section 8 – NOTICE.** Notice of any Special Meeting shall be given at least three days prior thereto by written notice delivered personally or by confirmed e-mail to each director at his or her home or business address. Any director waive notice of any such meeting. The attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened.

**Section 9 – QUORUM.** A majority of the directors fixed by Section 2 of this Article III shall constitute a quorum for the transaction of business of any meeting of the Board of Directors, but a smaller number may adjourn a meeting, from time to time, without further notice until a quorum is secured.

**Section 10 – MANNER OF ACTING.** The act of the majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors, unless a greater number is required by law or these Bylaws.

**Section 11 – VACANCIES ON BOARD.** In the event of any vacancy on the Board of Directors, including any vacancy created by any increase in the number of directors authorized,

the Board of Directors may, but shall not be required to, fill such vacancy by the affirmative vote of a majority of the remaining directors.

**Section 12 – PRESENCE AT MEETINGS.** Members of the Board of Directors, or members of any committee established in accordance with Article V herein, shall be deemed present in person at a meeting of such Board or committee if a conference telephone or similar communication equipment call in which all persons participating in the meeting can hear one another is used.

**Section 13 – ACTION WITHOUT A MEETING.** Any action of the Board of Directors or of any committee thereof, which is required or permitted to be taken at a meeting, may be taken without a meeting if consent in writing, setting forth the action to be taken, and signed by all members of the Board of Directors or of the committee, as the case may be, is filed in the minutes of the proceedings of the Board of Directors or such committee.

**Section 14 – COMPENSATION.** By resolution of the Board of Directors, the Corporation shall compensate directors or reimburse their expenses incurred to attend meetings.

**Section 15 – RESIGNATION.** Any director may resign at any time by sending or delivering a written notice of such resignation to the Corporation, addressed to the Chairman of the Board, the Chief Executive Officer or the Vice Chairman. Unless otherwise specified, such resignation shall take effect upon receipt.

## ARTICLE IV
## OFFICERS

**Section 1 – POSITIONS.** The officers of the Corporation shall be a Chief Executive Officer, a President, one or more Vice Presidents, and a Chief Financial Officer, each of whom shall be elected by the Board of Directors. An individual may hold more than one such position. The Board of Directors may also elect or authorize the appointment of such other officers as the business of the Corporation may require.

**Section 2 – ELECTION AND TERM OF OFFICE.** The officers of the Corporation shall be elected annually by the Board of Directors at its Annual Meeting. Each officer shall hold office until his or her successor shall have been duly elected and shall have qualified, or until his or her death, or until he or she shall resign or shall have been removed by the Corporation's shareholders. Election or appointment of an officer, employee, or agent shall not of itself create contractual rights. The Board of Directors may authorize the Corporation to enter into an employment contract with any officer, but no such contract shall impair the right of the Board of Directors to remove any officer at any time in accordance with Section 3 of this Article.

**Section 3 – REMOVAL.** Any officer elected or appointed by the Board of Directors may be removed by the Board of Directors whenever, in its judgment, the best interests of the Corporation will be served thereby, but such removal, other than for cause, shall be without prejudice to the contract rights, if any, of the person so removed.

**Section 4 – VACANCIES.** A vacancy in any office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Directors.

**Section 5 – DUTIES OF OFFICERS.** The officers of the Corporation shall have such authority and perform such duties as usually pertain to their respective offices and such additional powers and duties specifically conferred by law, by the Articles of Incorporation, by these Bylaws, or as may be assigned to them from time to time by the Board of Directors.

**Section 6 – DELEGATION OF DUTIES.** In the absence of or the disability of any officer of the Corporation, or for any other reason deemed sufficient by the Board of Directors, the Board may delegate the officer's powers or duties to any other officer or to any other director.

**Section 7 – REMUNERATION.** The remuneration of the executive officers shall be fixed from time to time by the Board of Directors.

**Section 8 – GENERAL POWERS.** The officers are authorized to do and perform such acts as are necessary in the carrying on of the business of the Corporation, subject always to any limitations imposed by the Board of Directors.

**ARTICLE V**
**COMMITTEES**

**Section 1 – CREATION OF COMMITTEES.** From time to time, the Chairman of the Board of Directors may present to the Board of Directors a resolution forming and designating the members of one or more committees, each to consist of two or more of the directors of the Corporation. Members of such committees shall serve until the next Annual Meeting of the Board of Directors or until a successor is appointed by the Chairman of the Board and approved by the Board of Directors. Members may be removed from any such committee by the Board of Directors whenever, in its judgment, the best interests of the Corporation will be served thereby.

**Section 2 – EXECUTIVE COMMITTEE.** The Executive Committee shall consult with and advise the officers of the Corporation in the management of its business, and shall have and may exercise such powers of the Board of Directors as can be lawfully delegated by the Board.

**Section 3 – OTHER COMMITTEES.** Other committees shall have such functions and may exercise such powers as can be lawfully delegated and to the extent provided in the resolution or resolutions creating such committee or committees.

**Section 4 – MEETINGS OF COMMITTEES.** Regular meetings of any committee may be held without notice of such time and at such place as shall from time to time be determined by the majority of the members of such committee. Special meetings of any such committee may be called by the Chairman of the Board, the Chief Executive Officer, the President, the Chairman of such committee, or a majority of the members of such committee upon two days notice to each of the other members of such committee, or on such shorter notice as may be agreed to in writing

by each of the other members of such committee. Such notice shall be given in the manner provided in Section 9 of Article III of these Bylaws.

**Section 5 – VACANCIES ON COMMITTEES.** Vacancies on any committee shall be filled by members of the Board of Directors selected by the Chairman of the Board and approved by the Board of Directors at any regular or special meeting.

**Section 6 – QUORUM OF COMMITTEES.** At all meetings of any such committee, a majority of the committee's members then serving shall constitute a quorum for the transaction of business.

**Section 7 – MANNER OF ACTING OF COMMITTEES.** The act of the majority of the members of any committee, present at a meeting at which there is a quorum, shall be the act of such committee.

**Section 8 – MINUTES OF COMMITTEES.** Each committee shall keep regular minutes of its proceedings and report the same to the Board of Directors at the Board's next regularly scheduled meeting.

## ARTICLE VI
## STOCK RECORDS

**Section 1 – Certificates.** The shares of the Corporation's capital stock may be represented by certificates or be uncertificated. Certificates of stock shall be issued in numerical order and shall be signed by any two officers of the Corporation as may be designated from time to time by the Board of Directors. The signatures of such officers may be facsimiles if the certificate is manually signed on behalf of a transfer agent, or registered by a registrar, other than the Corporation itself or an employee of the Corporation. If an officer who has signed or whose facsimile signature has been placed upon such certificate ceases to be an officer of the Corporation before the certificate is issued, it may be issued by the Corporation with the same effect as if the person were an officer on the date of issue. The certificates for such shares, if used, shall be of such tenor and design as the Board of Directors from time to time may adopt. Each such certificate of stock shall state:

(a) That the Corporation is incorporated under the laws of the State of Florida;

(b) The name of the person to whom issued;

(c) The number and class of shares and the designation of the class or series, if any, which such certificate represents; and

(d) The par value of each share represented by such certificate, or a statement that such shares are without par value.

**Section 2 – Uncertificated Shares.** The Board of Directors may authorize the issuance of uncertificated shares by the Corporation and may prescribe procedures for the issuance and

registration of transfer thereof, and with respect to such other matters relating to uncertificated shares as the Board of Directors may deem appropriate. No such authorization shall affect previously issued and outstanding shares represented by certificates until such certificates shall have been surrendered to the Corporation. Within a reasonable time after the issuance or transfer of any uncertificated shares, the Corporation shall issue or cause to be issued to the holder of such shares a written statement of the information required to be included on stock certificates under the laws of the State of Florida and these Bylaws. Notwithstanding the adoption of any resolution providing for uncertificated shares, each registered holder of stock represented by uncertificated shares shall be entitled, upon request to the custodian of the stock transfer books of the Corporation, or other person designated as the custodian of the records of uncertificated shares, to have physical certificates representing such shares registered in such holder's name.

**Section 3 – Transfers.** (a) Transfers of stock shall be made only upon the stock transfer books of the Corporation, kept at the registered office of the Corporation or at its principal place of business, or at the office of its transfer agent or registrar and, in the case of certificated shares, before a new certificate is issued, the previous certificate shall be surrendered for cancellation.

(b) Certificated shares of stock shall be transferred by delivery of the certificates therefor, accompanied either by an assignment in writing on the back of the certificate or an assignment separate from the certificate, or by a written power of attorney to sell, assign, and transfer the same, signed by the holder of said certificate. No certificated shares of stock shall be transferred on the books of the Corporation until the outstanding certificates therefor have been surrendered to the Corporation.

(c) The Board of Directors may, from time to time, by resolution, and may employ a transfer agent or agents or registrars of shares as it may deem advisable to keep such register, and to record transfers of shares therein. The Board of Directors may also by resolution further define the powers and duties of such agents or registrars.

(d) All endorsements, assignments, transfers, share powers or other instruments or indicia of transfer of securities standing in the name of the Corporation shall be executed for and in the name of the Corporation by any two officers of the Corporation as may be designated from time to time by the Board of Directors.

**Section 4 – Lost Certificates.** The Board of Directors may authorize a new certificate or certificates to be issued in place of any certificate or certificates issued by the Corporation and which are alleged to have been stolen, lost, or destroyed, only upon the making of an affidavit of that fact by the person claiming the certificate of stock to be stolen, lost, or destroyed. When authorizing the issuance of a new certificate or certificates, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such stolen, lost, or destroyed certificate or certificates, or his or her legal representative, to advertise the same in such manner as it shall require and/or to give the Corporation a bond in such sum as it may direct as indemnity against any claim that may be made against the Corporation with respect to the certificate alleged to have been stolen, lost, or destroyed.

## ARTICLE VII
## RESTRICTION ON SALE OF STOCK

In the event the Corporation should elect S Corporation status under the Internal Revenue Code, no transfer of shares of the Corporation's stock to any person or entity which would destroy such status (a "Disqualifying Transfer") shall be valid unless approved by the affirmative vote of at least a majority of the outstanding shares of stock of the Corporation. This restriction shall be noted conspicuously on the back of all of the certificates representing shares of stock in the Corporation.

## ARTICLE VIII
## CORPORATE SEAL

The Board of Directors may adopt a seal of the Corporation.

## ARTICLE IX
## FISCAL YEAR

The Corporation's fiscal year end date shall be December 31.

## ARTICLE X
## INDEMNIFICATION

**Section 1 – GENERAL.** The Corporation shall indemnify its officers, directors, employees, but not its agents unless specifically approved in writing by the Board of Directors to the fullest extent authorized by Section 607.0850 of the Florida Business Corporation Act as it now exists or may hereafter be amended (the "FBCA"), but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than said law permitted the Corporation to provide prior to such amendment. This includes, but is not limited to, any person who was or is made a party or is threatened to be made a party to any action, suit or proceeding, whether civil, criminal, administrative or investigative ("Proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee, or agent of another Corporation or of a partnership, joint venture, trust, or other enterprise, including service with respect to employee benefit plans, whether the basis of such Proceeding is alleged action in an official capacity as a director, officer, employee or agent or in any other capacity while serving as a director, officer, employee, or agent, reasonably incurred or suffered by such person in connection therewith. Such indemnification shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of his or her heirs, executors and administrators; provided, however, that the Corporation shall indemnify any such person seeking indemnity in connection with an action, suit or Proceeding (or part thereof) initiated by such person only if such action, suit or Proceeding (or part thereof) was authorized by the Board of Directors of the Corporation. Such right shall be a contract right and shall include the right to be paid by the Corporation for all expenses incurred in defending any such proceeding in

Page 10 of 12

advance of its final disposition; provided, however, that, the payment of such expenses incurred by a director or officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of such proceeding, shall be made only upon delivery to the Corporation of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it should be determined ultimately that such director or officer is not entitled to be indemnified under this Article or otherwise.

**Section 2 – FAILURE TO PAY CLAIM.** If a claim under Section 1 of this Article is not paid in full by the Corporation within 90 days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim and, if successful in whole or in part, the claimant shall be entitled to be paid also the expense of prosecuting such claim. It shall be a defense to any such action (other than an action brought to enforce a claim for expenses incurred in defending any proceeding in advance of its final disposition where the required undertaking, if any, has been tendered to the Corporation) that the claimant has not met the standards of conduct which make it permissible under the FBCA for the Corporation to indemnify the claimant for the amount claimed, but the burden of proving such defense shall be on the Corporation. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel, or its shareholders) to have made a determination prior to the commencement of such action that indemnification of the claimant is proper in the circumstances because he or she has met the applicable standard of conduct set forth in the FBCA, nor an actual determination by the Corporation (including its Board of Directors, independent legal counsel, or its shareholders) that the claimant has not met such applicable standard of conduct, shall be a defense to the action or create a presumption that claimant has not met the applicable standard of conduct.

**Section 3 – OTHER RIGHTS.** The rights conferred on any individual by Sections 1 and 2 of this Article shall not be exclusive of any other right which such individual may have or hereafter acquire under any statute, provision of these Bylaws of the Corporation, agreement, vote of shareholders or disinterested directors, or otherwise.

**Section 4 – INSURANCE.** The Corporation may maintain insurance, at its expense, to protect itself and any such director, officer, employee, or agent of the Corporation or another Corporation, partnership, joint venture, trust, or other enterprise against any such expense, liability, or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability, or loss under the FBCA.

**Section 5 – PERSONAL LIABILITY.** A director of the Corporation shall not be personally liable to the Corporation or its shareholders for monetary damages for any statement, vote, decision, or failure to act regarding corporate management or policy except as provided in the FBCA or other applicable state or Federal law governing the Corporation. If the FBCA is amended after adoption of these Bylaws and such amendment further eliminates or limits the personal liability of directors, then the liability of a director of the Corporation shall be eliminated or limited to the fullest extent permitted by the FBCA, as so amended.

Any repeal or modification of the foregoing paragraph by the shareholders of the Corporation shall not adversely affect any right or protection of a director of the Corporation existing at the time of such repeal or modification.

## ARTICLE XI
## AMENDMENTS

These Bylaws may be altered, amended or repealed in a manner consistent with the laws of the State of Florida at any time by a majority of the full Board of Directors.

## ARTICLE XII
## SEVERABILITY

Each provision of these Bylaws shall be separable from any and all other provisions of these Bylaws, and if any such provision shall be adjudged to be invalid or unenforceable, such validity or unenforceability shall not affect any other provision hereof or the powers granted by the Articles of Incorporation or Bylaws.

## CERTIFICATION

These Second Amended and Restated Bylaws have been adopted by the Board of Directors as the Bylaws of Florida Bancshares on this 21st day of August, 2025, and shall be effective as of said date.

A.P. Gibbs
Chairman of the Board