# Exhibit H

# IGLER | PEARLMAN P.A.

### ATTORNEYS AT LAW

June 25, 2026

Andrew Gold
Akerman LLP
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301

      **RE:**    **<u>Florida Bancshares, Inc.</u>**

Dear Mr. Gold:

Florida Bancshares, Inc. (the "Company") has asked me to respond to your letter to Company Secretary Lynn Roenicke dated June 22, 2026, regarding DEF Trading, LLC ("DEF"). First, please do not again contact our client. Please direct all communications to me or Daniel Nicholas.

On April 7, 2026, the Company provided notice to its shareholders of record as of March 31, 2026, of the Company's annual shareholders' meeting, to be held on May 21, 2026. The notice contained four proposals:

"1. Ratification of the Official Acts of the Company since May 15, 2025.
"2. Set the number of Directors at seven (7).
"3. Election of Directors and to set the terms of service listed in the Proxy Statement dated April 7, 2026, accompanying this notice.
"4. The transaction of such other business as may properly come before the Shareholders during this meeting."

On May 15, 2026, the U.S. District Court, Middle District of Florida issued an Order enjoining the Company from (in material part):

"(1) convening the annual shareholders' meeting, [or]
"(2) electing or re-electing directors by any means."

Accordingly, the Company has reinstated its March 21, 2024 bylaws and did not convene its annual meeting on May 21, 2026. Rather, it adjourned the meeting until July 23, 2026, at the website address you cite in your letter.

July 23 is 63 days after the date of the originally scheduled meeting, May 15. Therefore, the Company will continue to use the March 31, 2026 record date. This is consistent with Article II, Section 9 of the Company's bylaws and Section 607.0707(7), *Florida Statutes*.

In addition, Section 607.0707(2), *Florida Statutes*, does not require an annual meeting notice to contain a description of the purposes for which the meeting is called. Further, Section

June 25, 2026
Page 2

607.0707(4), *Florida Statutes*, does not require the Company to issue a new notice for an annual meeting adjourned for fewer than 120 days.

Therefore, the Company will not issue an amended notice of the annual meeting.

DEF also asserts that it is nominating Jorge Pedreira and Joel Dunn for election to the board at the annual meeting and proposing an amendment to the bylaws reducing the size of the board. May 16 is the relevant meeting date for purposes of Article II, Section 11 of the bylaws; July 23 is merely the date to which the meeting has been adjourned. However, in keeping with the spirit of the court Order and as an accommodation to DEF, the Company will accept DEF's nominations of Mr. Pedreira and Mr. Dunn and proposal of the bylaws amendment, and include them on the ballot to be used at the annual meeting.

Your letter also requests that the shareholders consider the removal of three incumbent directors. Section 607.0808(4), *Florida Statutes*, requires that removal of directors be considered only at a meeting called specifically for that purpose. Therefore, the Company will not present this proposal to the shareholders. It follows that the shareholders will also not consider the nomination of Steven Krueger for election to the board. We also note that if the bylaw amendment is adopted, under Section 607.0805(3), *Florida Statutes*, the terms of the incumbent directors will not be shortened.

Finally, we again note the filing requirements of 12 CFR Section 225.73(f)(2). If you have any questions regarding the foregoing, please call me.

Sincerely,

**IGLER & PEARLMAN, P.A.**

Richard Pearlman

cc: Florida Bancshares, Inc.
Daniel Nicholas, Esq.