# Exhibit J

# IGLER | PEARLMAN P.A.

### ATTORNEYS AT LAW

July 7, 2026

Andrew Gold
Akerman LLP
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL 33301

      **RE:**    **Florida Bancshares, Inc.**

Dear Mr. Gold:

Florida Bancshares, Inc. (the "Company") has asked me to respond to your letter to me and Company Secretary Lynn Roenicke dated July 6, 2026, regarding DEF Trading, LLC ("DEF").

Your letter misstates the law and confuses annual meeting requirements and proxy access rights. We initially note that the Company's proxy card does not purport to operate as a ballot, as you assert. Rather, it is the Company's board of directors' tool to solicit proxies from shareholders. At the annual meeting, the proxy holders will exercise their proxies to cast a ballot on those shareholders' behalf. As you have previously alluded, DEF has the right to solicit its own proxies from shareholders and cast a ballot on their behalf. We also reiterate our June 25th statements regarding statutory requirements for annual meeting notices.

With respect to DEF's director nominees, the Company has accepted such nominations and will present them for voting at the annual meeting, along with the board's nominees. However, nothing in Florida or federal law requires the Company to include those nominees in its proxy materials.

Rather, Section 607.0206(3), *Florida Statutes*, merely authorizes the inclusion in corporate bylaws of proxy access provisions that require a corporation to include shareholder nominees in the corporation's proxy materials. If that sentence sounds familiar, it is because it is nearly a verbatim quote from a four-part article coauthored by also-Ft. Lauderdale-based Akerman LLP lawyer Philip B. Schwartz.[1] The Company has not adopted such a bylaw provision. And, at DEF's request, it is now judicially prohibited from doing so.

Mr. Schwartz and his coauthor continued to write that although such "provisions can be adopted by any Florida corporation, they are largely designed for use by public companies." That is because companies with a class of securities registered under the Securities Exchange Act of 1934 are subject to Regulation 14A regarding solicitation of proxies. Under certain circumstances, those regulations require a corporation to include shareholder nominees in its proxy materials.

---

[1] *Summary of Recently Adopted Changes to the Florida Business Corporation Act (Chapter 607, Florida Statutes) and Harmonizing Changes to Other Florida Entity Statutes*, available at https://flabizlaw.org/committees-task-forces/task-forces/chapter-607-subcommittee/

July 7, 2026
Page 2

However, even if the Company's common stock was registered and the Company was subject to Regulation 14A, DEF's request to include its two nominees in the Company's proxy materials would be deficient because it was not timely under 17 CFR Section 240.14a-18 and did not include the information required by Item 6 of 17 CFR Section 240.14n-10.

Sincerely,

**IGLER & PEARLMAN, P.A.**

Richard Pearlman

cc:    Florida Bancshares, Inc.
       Daniel Nicholas, Esq.