# Exhibit K



Andrew P. Gold

Akerman LLP
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, FL  33301

D: 954 759 8910
T: 954 463 2700
F: 954 463 2224

July 10, 2026

VIA E-MAIL

Richard Pearlman
Igler and Pearlman, P.A.
3122 Mahan Drive
Suite 801-180
Tallahassee, FL  32308

**Re:    Florida Bancshares, Inc.**

Mr. Pearlman:

I write on behalf of DEF Trading, LLC ("DEF") in response to your letter dated July 7, 2026, regarding the postponed annual meeting of the shareholders of Florida Bancshares, Inc. (the "Company") and my letter dated July 6, 2026.

Your letter's focus on statutory provisions ignores the obligations imposed on Defendants by the United States District Court's preliminary injunction in *DEF Trading, LLC v. Florida Bancshares, Inc.*, Case No. 8:25-cv-2996-SDM-CPT ("*Order*"; ECF No. 67) – a preliminary injunction wrought by Defendants' misconduct specifically with respect to the annual meeting. Defendants' attempt to inject their invalid and improper past conduct back into the postponed annual meeting only confirms their attempts to entrench themselves and violates the preliminary injunction.

The Company did not simply adjourn the annual meeting pursuant to Section 607.0705, Florida Statutes; it was enjoined from convening that meeting precisely because the Board of Directors attempted to further entrench themselves by impairing the shareholders' right to vote on alternative director nominees at the meeting. Defendants' prior conduct with respect to the May 21, 2026 annual meeting – the refusal to accept DEF's director nominees, the issuance of a notice of meeting identifying the current directors as the only candidates, the solicitation of proxy votes using a proxy card that allowed shareholders to vote "against" recommendations on all matters *except* the election of directors – was undertaken pursuant to the invalid Second Amended Bylaws of the Company and for improper entrenchment purposes. Because of that conduct, Defendants are now enjoined from "enforcing the second amended bylaws," and were enjoined for sixty days

87482955;1

Richard Pearlman
July 10, 2026
Page 2

_____

from "convening the annual shareholders meeting" or "electing or re-electing directors **by any means**." *Order* at 6-7 (emphasis added).

Defendants cannot comply with the preliminary injunction while simultaneously giving present effect to the very misconduct precipitating it. Defendants must reconvene the annual meeting using a fair process pursuant to the March 21, 2024 Amended Bylaws. Such a process necessarily requires allowing shareholders to vote on "DEF's director nominees," *id.* at 6, and at bare minimum, informing shareholders that the purported field of director candidates identified in the April 7, 2026 notice of meeting and incorporated proxy statement are incomplete and misleading.

DEF's director nominees are not identified in any documentation pertaining to the July 23, 2026 annual meeting, nor are they mentioned anywhere on the ClearTrust website hosting the virtual meeting. *See generally* https://www.cleartrustonline.com/fbs (presenting April 7, 2026 notice of meeting and proxy statement). By refusing to amend the notice of meeting or incorporated proxy statement, which are materially misleading by virtue of Defendants' prior wrongful refusal to accept DEF's nominees, Defendants are attempting to presently enforce the Second Amended Bylaws in violation of the preliminary injunction.

Moreover, the ClearTrust website for the annual meeting urges shareholders to "vote early" using the proxy card issued under the Second Amended Bylaws, which proxy card (again) does not mention DEF's director nominees or allow a shareholder to do anything but "withhold" their vote for the Defendant-nominees (although the shareholder may vote "against" all other matters). *See generally* https://www.cleartrustonline.com/fbs ("we encourage you to vote early" using the "vote here" button). And DEF understands Defendants have been personally urging shareholders to vote early using this proxy card, *i.e.*, to elect directors before the annual meeting and in a "ballot that omits DEF's director nominees." *Order* at 6. It also seems that, by refusing to amend this proxy card, Defendants intend to count proxy votes returned before the District Court issued its preliminary injunction. If Defendants do not intend to count proxy votes returned before the preliminary injunction, please immediately confirm the same.

Despite your letter's attempt to recharacterize the proxy card, it plainly functions as a ballot by which shareholders provide their "votes" on matters to be addressed at the annual meeting. Defendants' active solicitation of early votes through this proxy card constitutes an attempt to "elect or re-elect directors by any means"[1] and confirms Defendants are attempting to enforce the Second Amended Bylaws by giving present effect to their prior misconduct under those bylaws, *i.e.*, the issuance of meeting materials that ignore DEF's nominees.

_____

[1] Indeed, your letter's suggestion that "election" of directors can occur only at the annual meeting would render the injunction against electing directors "by any means" superfluous in light of the prohibition on convening the annual meeting. The District Court's injunction encompasses attempts to further subvert shareholder voting rights by "electing" directors outside the annual meeting process, *i.e.*, the solicitation of proxy votes before shareholders can learn of DEF's director nominees. Defendants are now doing precisely that.

Richard Pearlman
July 10, 2026
Page 3

_____

       If Defendants will not agree to rectify their misconduct by issuing an amended notice of meeting identifying the contested nature of the director election, issuing an amended proxy card allowing a shareholder to "vote" against the recommended directors (*i.e.*, for another director), and requiring all shareholders to re-submit prior proxy votes, DEF will be forced to file a motion to enforce the preliminary injunction, including by extending the time-limited prohibitions by a further sixty days to ensure Defendants actually comply with the obligations imposed by the District Court.

Sincerely,

*Andrew P. Gold*

Andrew P. Gold
For the Firm

cc:    Daniel Nicholas
       John Dicks
       Keenan Molaskey

87482955;1